**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 08-4196**

—————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

WILLIAM ROBERT MONAHAN,

                    Defendant - Appellant.

—————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:04-cr-00452-JAB-1)

—————

Submitted:  May 20, 2008            Decided:  June 16, 2008

—————

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Graham Tod Green, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Robert Monahan's supervised release was revoked, and he was sentenced to twenty-one months in prison for violating certain conditions of release. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for review but suggesting that the court may have abused its discretion in revoking release and imposing the sentence. Monahan was advised of his right to file a pro se supplemental brief, but has not filed a brief. After a thorough review of the record, we affirm.

A decision to revoke a defendant's supervised release is reviewed for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). Here, Monahan admitted to violating release conditions as charged. Given the nature of the violations, the district court was statutorily obligated to revoke release. See 18 U.S.C. §§ 3583(g)(1), (g)(4) (2000). We conclude that the decision to revoke Monahan's supervision was not an abuse of discretion.

We will affirm a sentence imposed following revocation of supervised release if it is within the applicable statutory limits and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). Monahan's sentence is below the statutorily authorized maximum of two years, see 18 U.S.C. § 3583(e)(3) (2000), and falls

-2-

within the advisory guideline range of 21-24 months.  See U.S. Sentencing Guidelines Manual §§ 7B1.4(a) (p.s.), 7B1.4(b)(3)(A) (2005).  Finally, the district court adequately considered the applicable 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors when imposing sentence.  See 18 U.S.C. § 3583(e).  We conclude that the sentence is not plainly unreasonable.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none.  Accordingly, we affirm the revocation of Monahan's supervised release and his sentence of twenty-one months.  This court requires counsel to inform his client in writing of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED